UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Brent James Nash,

               Plaintiff,        Case No. 22-10281

v.                                  Judith E. Levy
                                   United States District Judge

Meg Zamora, et al.,

                                   Mag. Judge Elizabeth A. Stafford

               Defendants.

_____/

**OPINION AND ORDER SUMMARILY DISMISSING THE COMPLAINT [1]**

## I.   Introduction

Before the Court is Plaintiff Brent James Nash's pro se civil rights complaint filed pursuant to 42 U.S.C. § 1983, which was transferred to the Court in 2022.[1] (ECF No. 1.) Plaintiff is on parole from the Michigan Department of Corrections. The Court has reviewed the complaint and now dismisses it for failing to state a claim upon which relief can be granted.

## II.   Legal Standard

---

[1] The Court apologizes for the delay in addressing this case.

Plaintiff was allowed to proceed without prepayment of fees. *See* 28 § U.S.C. 1915(a). However,

> [n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal—
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2). A complaint is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 31 (1992). *Sua sponte* dismissal is appropriate if the complaint lacks an arguable basis in law or fact when filed. *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997), *overruled on other grounds*, *Jones v. Bock*, 549 U.S. 199, 203 (2007).

While a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (footnote and citations omitted). Stated differently, "a complaint must contain sufficient factual matter,

2

accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Because Plaintiff is self-represented, the Court construes his pleadings and filings liberally. *See Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999) ("Pro se plaintiffs enjoy the benefit of a liberal construction of their pleadings and filings.").

To prove a prima facie case under 42 U.S.C. § 1983, a civil rights plaintiff must establish that: (1) the defendant acted under color of state law; and (2) the offending conduct deprived the plaintiff of rights secured by federal law. *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001).

### III. Background

Plaintiff originally sued the Director of the Michigan Department of Corrections Heidi E. Washington and the Michigan Attorney General

3

Dana Nessel, as well as the following officials at the St. Louis Correctional Facility ("SLF"): Acting Warden Becky Carl, Health Unit Manager Meg Zamora, and Registered Nurses Karen Branch, Candace Comer, Rebecca Smith, Theresa Melton, Stephanie Adams, and Felicia Maxon. (ECF No. 1, PageID.2.) Plaintiff originally filed his complaint in the United States District Court for the Western District of Michigan. (*Id.* at PageID.1.) That court dismissed Defendants Washington and Nessel from the lawsuit because Plaintiff failed to allege they were personally involved in the alleged constitutional violations. (ECF No. 2, PageID.57–58.) It then transferred the case to the Eastern District of Michigan because the remaining Defendants reside here and all the alleged events took place here. (*Id.* at PageID.58.)

The Order of Partial Dismissal and Transfer summarizes the factual allegations as follows:

> In his *pro se* complaint, Plaintiff alleges that on April 29, 2021, he fractured the distal fibula in his left ankle. (ECF No. 1, PageID.4.) He was not seen until May 5, 2021, when he was taken to the healthcare unit at SLF for X-rays, which confirmed multiple fractures. (*Id.*) Plaintiff was given Tylenol and an Ace bandage. (*Id.*) He continued to complain about pain for nine days. (*Id.*) Plaintiff was taken to an orthopedist in Alma, Michigan, on May 14, 2021. (*Id.*) He had another X-ray, which determined that he had various fractures. (*Id.*)

4

> Plaintiff was placed in a "short leg hard cast that was on [his] left leg from [his] ankle to [his] knee." (*Id.*)
>
> When he returned to SLF, Plaintiff told officers in his housing unit that his doctors' orders indicated "weight bearing to tolerances is permitted." (*Id.*) Plaintiff alleges that officers kept making him use the shower in A-wing even though there was a handicap-accessible shower in B-wing. (*Id.*, PageID.5.) Plaintiff asked to use the B-wing shower and was denied. (*Id.*) On May 21, 2021, Plaintiff was taken to the A-wing shower, where he was forced to stand. (*Id.*) Plaintiff fell, causing "severe sharp pains in [his] neck [and] lower back, and left ankle/leg." (*Id.*) After about 20 minutes, Plaintiff was assisted off the floor and placed in a wheelchair. (*Id.*) He was given Toradol and ibuprofen and was told to contact healthcare if the pain worsened. (*Id.*) Plaintiff avers that he complained of pain on numerous occasions from that date until June 29, 2021, and was only prescribed ibuprofen, back stretches, and naproxen. (*Id.*, PageID.5–6.)

(ECF No. 2, PageID.56–57.)

### IV. Analysis

Plaintiff presents his claim as "medical negligence of Michigan Department of Corrections health care; cruel and unusual punishment." (ECF No. 1, PageID.4.) Seeking monetary damages of $8.5 million, he sues each Defendant in their official and personal capacities. (*Id.* at PageID.2–3, 7.) The Court construes the complaint as alleging Eighth

5

Amendment claims under 42 U.S.C. § 1983. For the reasons set forth below, these claims must be dismissed.[2]

### A. Official-Capacity Claims

Insofar as Plaintiff seeks monetary damages from Defendants in their official capacities, such claims must be dismissed.

Carl, the Acting Warden at SLF, works for the state of Michigan, so she cannot be sued in her official capacity for damages. Absent consent, the Eleventh Amendment bars suits against states for monetary damages. *See* U.S. Const. amend. XI. Actions against state employees like Carl in their official capacities are actions against the state itself. *See Brandon v. Holt*, 469 U.S. 464, 471 (1985); *see also Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (holding that official-capacity suits are a way to plead "an action against an entity of which an officer is an agent")

---

[2] It does not appear that Plaintiff's reference to "medical negligence" is intended to raise any state-law claims. (ECF No. 1, PageID.4.) However, insofar as Plaintiff intended to sue under Michigan state law, the Court dismisses any such claims without prejudice. The Sixth Circuit instructs that "[a] federal court that has dismissed a plaintiff's federal-law claims should not ordinarily reach the plaintiff's state-law claims." *Burnett v. Griffith*, 33 F.4th 907, 915 (6th Cir. 2022) (quoting *Rouster v. Cnty. of Saginaw*, 749 F.3d 437, 454 (6th Cir. 2014)); *see also* 28 U.S.C. § 1367(c)(3). As set forth below, the Court dismisses Plaintiff's federal-law claims. Accordingly, it declines to exercise supplemental jurisdiction over his state-law claims—insofar as he intended to allege such claims—and dismisses any such claims without prejudice.

6

(quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978)). Claims brought under 42 U.S.C. § 1983 for money damages against state officers in their official capacity are therefore barred. *See Abdur-Rahman v. Mich. Dep't of Corr.*, 65 F.3d 489, 491 (6th Cir. 1995) (citing *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 70–71 & n.10 (1989)). Accordingly, the official-capacity claims against Carl are dismissed.

Plaintiff does not clearly allege who employs Zamora, Branch, Comer, Smith, Melton, Adams, and Maxon ("the Medical Defendants"). Insofar as the Medical Defendants are state employees, the Eleventh Amendment analysis set forth above with respect to Carl applies and bars any official-capacity claims against the Medical Defendants for money damages.[3] Insofar as they are employees of a private contractor fulfilling a state function, Plaintiff must allege a policy or custom of the private contractor that shaped the Medical Defendants' conduct to sue them under 42 U.S.C. § 1983. *See Street v. Corr. Corp. of Am.*, 102 F.3d 810, 817–18 (6th Cir. 1996). Plaintiff does not name any private

---

[3] Courts have dismissed official-capacity claims against Zamora on this basis. *Gregory v. Washington*, No. 4:21-cv-10408, 2024 WL 927690, at *9 n.5 (E.D. Mich. Feb. 9, 2024), *report and recommendation adopted*, 2024 WL 922981 (E.D. Mich. March 4, 2024).

7

contractor as the Medical Defendants' employer, nor does he bring allegations of a policy or custom motivating their alleged conduct. His allegations are only about how the Medical Defendants treated him, not about any broader patterns, policies or customs. *See Unthank v. Beavers*, No. 5:19-cv-P28, 2019 WL 3281191, at *4 (W.D. Ky. July 19, 2019) (citing *Fox v. Van Oosterum,* 176 F.3d 342, 348 (6th Cir. 1999)) (dismissing official-capacity claims that were brought under 42 U.S.C. § 1983 based on the conduct of a private contractor's employees because the allegations involved "isolated occurrences affecting only Plaintiff"). Accordingly, Plaintiff's official-capacity claims against the Medical Defendants are dismissed.

### B. Personal-Capacity Claims Against Carl

The personal-capacity claims against Carl must be dismissed because Plaintiff failed to allege any personal involvement on Carl's part.

A plaintiff must allege the personal involvement of a defendant to state a civil rights claim under 42 U.S.C. § 1983. *See Monell*, 436 U.S. at 691–92 (§ 1983 liability cannot be based upon a theory of respondeat superior); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009) (same); *see also Taylor v. Michigan Dep't of Corrections*, 69 F.3d 76, 81 (6th Cir. 1995)

(a plaintiff must allege facts showing that the defendant participated in, encouraged, authorized, approved or knowingly acquiesced in alleged misconduct to establish liability under 42 U.S.C. § 1983).

Regarding a supervisory official like Carl, the Sixth Circuit instructs that

> "[s]imple negligence is insufficient to support liability of [supervisory officials] for inadequate training, supervision, and control of individual officers." *Hays,* 668 F.2d at 872. A supervisory official may not be held liable under § 1983 for the misconduct of those the official supervises unless the plaintiff demonstrates that "the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it." *Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir. 1984). "At a minimum a plaintiff must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers." *Hays,* 668 F.2d at 874. Supervisory liability under § 1983 cannot be based upon a mere failure to act but must be based upon active unconstitutional behavior. *Bass,* 167 F.3d at 1048.

*Combs v. Wilkinson,* 315 F.3d 548, 558 (6th Cir. 2002). For example, denying grievances or failing to act on information in grievances is not generally a basis for liability under 42 U.S.C. § 1983. *See Shehee v. Luttrell,* 199 F.3d 295, 299 (6th Cir. 1999).

9

Carl is not liable under 42 U.S.C. § 1983 in her supervisory capacity for the alleged violation of Plaintiff's rights, because Plaintiff failed to allege that the warden committed any violations or acquiesced in other parties' conduct that involved violations of Plaintiff's rights. *See Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008). Accordingly, Plaintiff's claim against Carl in her personal capacity is dismissed.

### C. Personal-Capacity Claims Against the Medical Defendants

The personal-capacity claims against the Medical Defendants must be dismissed because Plaintiff fails to allege that they were deliberately indifferent to his medical issues.

The Eighth Amendment to the U.S. Constitution requires prison officials to provide adequate medical care to prisoners. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994); *Brooks v. Celeste*, 39 F.3d 125, 127 (6th Cir. 1994). The Eighth Amendment prohibition on "'unnecessarily and wantonly inflicting pain' on an inmate [is violated when an official acts with] 'deliberate indifference' toward the inmate's serious medical needs." *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 895 (6th Cir. 2004) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)).

The Sixth Circuit sets forth the standard for deliberate indifference to a serious medical as being met

> only if [a] prisoner[] prove[s] both objective and subjective elements. *See Farmer*, 511 U.S. at 834. Objectively, prisoners must have faced a "substantial risk of serious harm." *Id.* Subjectively, officers must have acted with "deliberate indifference" to this risk. *Id.* Under this test, an inmate must prove both that an officer subjectively knew of facts that created a substantial risk of serious harm to the inmate and that the officer subjectively concluded that this risk existed. *Id.* at 837. Because officers must consciously *know* of the risk, then, they do not violate the Eighth Amendment merely by negligently or recklessly overlooking it. *Id.* at 837–38.

*Lawler ex rel. Lawler v. Hardeman Cnty.*, 93 F.4th 919, 926–27 (6th Cir. 2024) (emphasis in original); *see also Daniels v. Williams*, 474 U.S. 327, 328 (1986) ("[T]he Due Process Clause is simply not implicated by a *negligent* act of an official causing unintended loss of or injury to life, liberty, or property.") (emphasis in original); *Lewellen v. Metro. Gov't of Nashville & Davidson Cnty.*, 34 F.3d 345, 348 (6th Cir. 1994) ("[I]t is now firmly settled that injury caused by negligence does not constitute a 'deprivation' of any constitutionally protected interest.") (collecting cases). Under this standard, "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment."

11

*Estelle*, 429 U.S. at 106; *Sanderfer v. Nichols,* 62 F.3d 151, 154 (6th Cir. 1995). "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle,* 429 U.S. at 106. Thus, "[w]hen a [medical professional] provides treatment, albeit carelessly or inefficaciously, to a prisoner, [they have] not displayed a deliberate indifference to the prisoner's needs, but merely a degree of incompetence which does not rise to the level of a constitutional violation." *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001).

Plaintiff's complaint raises three possible grounds for finding a constitutional violation: the adequacy of the treatment he received, the timing of the treatment he received, and his lack of access to handicap accessible showers. All three allegations fail to state a claim upon which relief can be granted.

Plaintiff does not allege that the Medical Defendants completely ignored his medical condition. Instead, he disagrees with the course of treatment he received for his pain. (ECF No. 1, PageID.4–6.) "A disagreement with a course of medical treatment does not rise to the level of a federal constitutional claim under the Eighth Amendment." *Rhinehart v. Scutt,* 894 F.3d 721, 744 (6th Cir. 2018). Instead, "'forms of

12

treatment' are generally 'a classic example of a matter for medical judgment' that 'does not represent cruel and unusual punishment.'" *Id.* at 744–45 (quoting *Estelle*, 429 U.S. at 107)).

Plaintiff's dissatisfaction with the type of pain medication provided is at most a disagreement with his health care providers over which pain medication he should have been provided. This does not establish deliberate indifference. *See Mack v. Wilkinson,* 90 F. App'x 866, 867–68 (6th Cir. 2004) (inmate failed to establish that health care administrator of correctional facility was deliberately indifferent to his serious medical needs by failing to provide him with Motrin for back pain, where inmate's Motrin prescription had expired, inmate's request for renewal was sent to the doctor on more than one occasion, and the inmate was provided Tylenol to help ease the back pain until the prescription for Motrin could be reviewed); *Moses v. Coble,* 23 F. App'x 391, 392 (6th Cir. 2001) (prisoner's dissatisfaction with the decision of the prison doctor and nurses to respond to his back pain with over-the-counter medications did not implicate Eighth Amendment concerns); *Johnson v. Clafton*, 136 F. Supp. 3d 838, 844–45 (E.D. Mich. 2015) (jail medical administrator did not violate Due Process Clause by treating pre-trial detainee's pain with

13

Tylenol and Naproxen, rather than with narcotic pain medications, particularly where plaintiff failed to show that another pain medication would have been more effective in managing his pain).

Insofar as Plaintiff's allegations are based on a delay in treatment, his claim fails. "When prison officials are aware of a prisoner's obvious and serious need for medical treatment and delay medical treatment of that condition for non-medical reasons, their conduct in causing the delay creates the constitutional infirmity." *Blackmore*, 390 F.3d at 899. If a prisoner alleges a delay and "the prisoner's affliction is seemingly minor or non-obvious[, . . .] medical proof is necessary to assess whether the delay caused a serious medical injury." *Id.* at 898.

Plaintiff experienced two injuries: his initial ankle injury and the injury from his fall in the shower.

With respect to the initial ankle injury, Plaintiff states that, after he was hurt, he complained of pain and was told he would be seen when it was his turn. (ECF No. 1, PageID.4.) Plaintiff states that Smith examined him on April 29, 2021, the day he was injured. (*Id.* at PageID.6.) On May 2, 2021, three days after the injury, Maxon saw

14

Plaintiff regarding his pain. (ECF No. 1-1, PageID.14.)[4] In a visit note, Maxon states that Plaintiff was ignoring instructions to wear an ACE wrap on his ankle and noted a follow-up appointment that had been previously scheduled. (*Id.*) Comer examined Plaintiff three days later and noted that Plaintiff "denies use of pain medications, stating that 'the meds don't help.'" (ECF No. 1-1, PageID.15.) Plaintiff received an x-ray that same day, as well as a bandage and Tylenol. (ECF No. 1, PageID.4.) Nine days later he saw an orthopedist off-site and received treatment for his ankle injury. (ECF No. 1-1, PageID.22–24.) He returned to that surgeon twice for follow-up appointments. (*Id.* at PageID.25–26).

Pain is a medical need that is sufficiently serious to support an allegation of deliberate indifference. *Boretti v. Wiscomb*, 930 F.2d 1150, 1154 (6th Cir. 1991). The facts Plaintiff alleges do not constitute a delay in treatment for non-medical reasons, however. As set forth above, Plaintiff was examined the day he injured his ankle, and he received

---

[4] Plaintiff's medical records are attached to the complaint, so the Court considers them in performing this initial required screening. *See Hardy v. Sizer*, No. 16-1979, 2018 WL 3244002, at *2 (6th Cir. May 23, 2018) (affirming a district court's dismissal for failure to state a claim at the screening stage based on a review of the documents attached to the complaint, including medical records); *see also Clinton v. Pressley*, No. 3:21-cv-00327, 2021 WL 3565746, at *2 n.2 (M.D. Tenn. Aug. 12, 2021).

treatment several times after that—both from nurses and doctors. The facts Plaintiff alleges do not constitute a delay in care rising to the level of deliberate indifference. *See Blosser v. Gilbert*, 422 F. App'x 453, 460–61 (6th Cir. 2011) (holding that there was not a denial or delay of medical treatment insofar as plaintiff was "regularly examined by the medical staff at the prison and received [] pain medication, monitoring, and care").

With respect to Plaintiff's injury from the fall in the shower on May 21, 2021, Melton assessed Plaintiff on the day of the fall. (ECF No. 1-1, PageID.34–37.) Plaintiff received pain medication that day. (*Id.* at PageID.37.) There is therefore no basis to conclude that there was any delay with respect to that injury that could constitute a violation of Plaintiff's rights.

To the extent Plaintiff bases his claim on being denied access to handicap accessible showers, it must be dismissed because he does not allege that any of the Medical Defendants were involved in requiring him to use the non-accessible A-Wing showers. (ECF No. 1, PageID.4–6.) The Sixth Circuit has held that "a § 1983 plaintiff generally must prove both that a defendant was *personally* at fault and that the defendant's

culpable conduct (not somebody else's) *caused* the injury." *Pineda v. Hamilton Cnty.*, 977 F.3d 483, 490 (6th Cir. 2020). A plaintiff must therefore allege a defendant's personal involvement in the violation. *See id.* Plaintiff's allegations involve officers denying his requests to use accessible showers and instead "escort[ing]" him to the non-accessible showers. (ECF No. 1, PageID.4–5.) The facts alleged related to the Medical Defendants do not involve denial of his requests to use accessible showers. (*See id.* at PageID.4–6.) Because Plaintiff does not allege that the Medical Defendants were personally involved in denying him the use of accessible showers, he cannot allege deliberate indifference to his medical needs against these Defendants on that basis.

Plaintiff therefore does not allege facts that support a claim that the Medical Defendants violated his Eighth Amendment rights. Accordingly, his claims against them must be dismissed.

## V. Conclusion

For the reasons set forth above, the complaint, (ECF No. 1), is DISMISSED WITH PREJUDICE FOR FAILING TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.[5]

It is further ORDERED AND CERTIFIED by the Court that any appeal taken by Plaintiff would not be done in good faith.

IT IS SO ORDERED.

Dated: March 18, 2025       s/Judith E. Levy
Ann Arbor, Michigan      JUDITH E. LEVY
     United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 18, 2025.

     s/William Barkholz
     WILLIAM BARKHOLZ
     Case Manager

---

[5] As set forth above, insofar as Plaintiff asserts any state-law claims, those are dismissed without prejudice.

18